IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD BAYLOR,                :
      Petitioner,            :
                             :   1:13-cv-00081
v.                             :
                             :   Hon. John E. Jones III
J.E. KRUEGER,                  :
      Respondent.            :

## MEMORANDUM

### September 5, 2014

On January 11, 2013, Petitioner, Richard Baylor, a federal inmate formerly confined in the Schuylkill Federal Correctional Institution in Minersville, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Baylor challenges the decision of the United States Parole Commission, ("USPC"), to revoke his parole for violating the conditions of his release. (Doc. 1, p. 2). For relief, Baylor asks the court to "close out [his criminal] docket" and "release the defender." (Doc. 1, p. 29). On February 19, 2013, and September 23, 2013, responses to the petition were filed. (Docs. 9, 19). No traverse has been filed, however Baylor periodically filed letters with the Court regarding the status of his case. (Docs. 11-16).

**I.     BACKGROUND**

The underlying crime in this case occurred on April 15, 1990 in Maryland,

when Baylor and another man entered a hotel room, forced the victim into the bathroom, demanded money, and shot the victim in the arm. (Doc. 9-1, Ex. 1, Prehearing Assessment). Baylor and the other man then forcibly abducted the victim and drove him to the District of Columbia. *Id.* The car they were driving was subsequently stopped by police and Baylor was arrested. *Id.*

On February 7, 1992, Baylor was sentenced in the District of Columbia Superior Court to an aggregate term of imprisonment of two (2) to seven (7) years for carrying a pistol without a license and unlawful possession of ammunition. (Doc. 1, p. 9; Doc. 9-1, Ex. 1, Prehearing Assessment; Doc. 9-1, Ex. 2, Sentence Monitoring Computation Data).

Baylor was then transferred to Maryland on a writ and was charged with kidnapping, assault with intent to rob, assault, and use of a handgun in the commission of a felony. (Doc. 9-1, Ex. 1, Prehearing Assessment). He was convicted of the charges in Maryland and received an aggregate sentence of twenty (20) years' incarceration. *Id.*

On June 9, 2005, Baylor was released on parole, with 1,662 days left to serve on his D.C. sentence, or through December 27, 2009. (Doc. 9-1, Ex. 2, Sentencing Computation Data; Doc. 9-1, Ex. 3, Parole Certificate).

On July 2, 2008, Baylor was arrested for new criminal conduct, wherein he

assaulted a Brinks truck driver with pepper spray and stole $148,500.00. (Doc. 9-1, Ex. 5, District Court Complaint). Therefore, on December 15, 2009, the USPC issued a violator warrant for Baylor's violation of his parole conditions. (Doc. 9-1, Ex. 4, Warrant and Warrant Application). On April 23, 2009, Baylor was convicted in Prince George's County Circuit Court of theft and carrying a dangerous weapon. (Doc. 9-1, Ex. 4, Warrant and Warrant Application). He was sentenced to fifteen (15) years' incarceration, of which ten (10) years were suspended. (Doc. 9-1, Ex. 4, Warrant and Warrant Application).

On June 21, 2011, Baylor was released to the detainer warrant. *Id.* The USPC made a probable cause determination and requested that Baylor be housed at the Philadelphia Federal Detention Center for an institutional revocation hearing. (Doc. 9-1, Ex. 8, DSCC Letter). The parole revocation hearing was held on January 27, 2012. (Doc. 9-1, Ex. 10, Hearing Summary). On February 15, 2012, the USPC revoked Baylor's parole, denied him credit for time spent on parole, and ordered his parole continued until the expiration of his sentence. (Doc. 9-1, Ex. 11, Notice of Action). Baylor's sanction was seventy-eight (78) months, which exceeded the parole guideline range of thirty-six (36) to forty-eight (48) months. *Id.*

On April 30, 2012, Baylor filed an administrative appeal challenging the

Commission's decision to exceed the guideline range. (Doc. 9-1, Ex. 12, Appeal). On July 16, 2012, the USPC affirmed the Commission's decision. (Doc. 9-1, Ex. 13, Notice of Action on Appeal).

Baylor's projected release date, via parole, was December 21, 2014. (Doc. 9-1, Ex. 2, Sentence Monitoring Computation Data).

A review of the Federal Bureau of Prisons' Inmate Locator reveals that Baylor was released from federal custody on August 18, 2014. *See* http://www.bop.gov.

For the reasons set forth below, the petition for writ of habeas corpus will be dismissed as moot.

## II. DISCUSSION

Article III of the Constitution provides that the "judicial Power shall extend to. . . Cases. . . [and] to Controversies." U.S. Const. Art. III, § 2. This grant of authority embodies a fundamental limitation restricting the federal courts to the adjudication of "actual, ongoing cases or controversies." *Khodara Envtl., Inc. v. Beckman*, 237 F.3d 186, 193 (3d Cir. 2001). The mootness doctrine is centrally concerned with the court's ability to grant effective relief. "If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief,

the case must be dismissed as moot." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996).  "Moreover, the requirement that an action involve a live case or controversy extends through all phases of litigation, including appellate review." *County of Morris v. Nationalist Movement*, 273 F.3d 527, 533 (3d Cir. 2001) (citing *Lewis v. Continental Bank Corp.*, 494 U.S. 472 (1990); *Khodara Envtl., Inc.*, 237 F.3d at 193).

A defendant's ongoing incarceration or parole can satisfy the case-or-controversy requirement, however the relevant inquiry is whether the defendant still suffers "collateral consequences." *Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998). In *Spencer*, the United States Supreme Court held that a challenge to a parole revocation was moot because the defendant completed the term of imprisonment resulting from the parole violation.  *Id.*  The petitioner in *Spencer* appealed the District Court's revocation of his parole for violating its terms.  *Id.* at 8.  The Supreme Court required the petitioner to demonstrate collateral consequences adequate to meet Article III's injury-in-fact requirement, finding that while "it is an 'obvious fact of life that most criminal convictions do in fact entail adverse collateral legal consequences,' [t]he same cannot be said of parole revocation." *Id.* at 12 (quoting *Sibron v. New York*, 392 U.S. 40, 55 (1968)).  The Court in *Spencer* stated, "[o]nce the convict's sentence has expired ... some concrete and continuing

injury other than the now-ended incarceration or parole - some 'collateral consequence' of the conviction - must exist if the suit is to be maintained." *Id.* at 7 (citing *Carafas v. LaVallee*, 391 U.S. 234, 237-38 (1968)).  The Court found that Spencer's purported injuries[1] were insufficient to establish a collateral consequence, and therefore dismissed his appeal as moot. *Id.* at 14-18.

Similarly, Baylor's petition for writ of habeas corpus has been rendered moot by virtue of his release from federal custody and his failure to establish a concrete and continuing injury.  Baylor has completed his term of imprisonment resulting from his parole violation and there are no injuries constituting a cognizable collateral consequence. *See United States v. Williams*, 373 Fed. Appx. 186 (3d Cir. 2010) (finding that the prisoner's release from confinement mooted his appeal from the order revoking his supervised release in which he challenged the sufficiency of evidence to support a violation of supervised release and the reasonableness of an above-guideline sentence); *United States v. Kissinger*, 309 F.3d 179, 181 (3d Cir. 2002) ("[O]nce a litigant is unconditionally released from criminal confinement, the litigant must prove that he or she suffers a continuing

---

[1] Spencer asserted four concrete injuries, namely, that the parole revocation could be used: (1) against him in future parole proceedings, (2) to increase his sentence in future sentencing proceedings, (3) to impeach him should he appear as a witness or litigant in a future judicial proceeding, or (4) against him directly in a future criminal proceeding. *Spencer*, 523 U.S. at 14-16.

injury from the collateral consequences attaching to the challenged act."); *Graves v. Holt*, 2008 WL 2224889, *9 (M.D. Pa. 2008) (A petition for habeas corpus becomes moot when a prisoner is released on parole before the court addresses the merits where being paroled leaves no relief possible) (citing *Cox v. McCarthy*, 829 F.2d 800, 802-03 (9th Cir. 1987)).  As there is no longer a live case or controversy, and Baylor has received the relief he requested, namely release, the petition for writ of habeas corpus will be dismissed as moot.

      A separate Order will be issued.